ADAMS, Justice.
Oliver and Mildred Brown appeal from a summary judgment entered in favor of the City of Mobile on their claims of trespass, conversion, negligence, wantonness, and intentional infliction of emotional distress. These claims stemmed from the demolition of a house they owned at 854 South Washington Avenue, Mobile, Alabama. We affirm.
The Browns purchased that house in 1979. They apparently had planned to renovate the house and leave it to their son. This house was one of a number of older properties that the Browns owned. Hurricane Frederic caused extensive damage to the house in late 1979. Although the Browns reroofed the house sometime in 1982, they did no other substantial repair work to the house. No one had resided in the house from the time the Browns purchased it until its demolition by the City of Mobile in 1987.
From 1982 until 1985 the condition of the house greatly deteriorated. Vandals took what could be stripped or taken from the house. Occasionally, vagrants started small fires in the house. On January 30, 1985, the Inspection Department of the City of Mobile notified the Browns by certified mail that they needed either to repair or demolish the house within 60 days. On November 26, 1985, the Inspection Department agreed to issue the Browns a building permit valid for six months, presumably to repair the premises. This was apparently the only personal contact the Browns ever had with a representative of the Inspection Department or any representative of the City. In May 1986, the Browns were notified of a June 3, 1986, hearing to determine whether the house was a public nuisance and whether it should be condemned and demolished. The Browns did not attend this hearing and did not send a representative.
At the hearing, the house was found to be a public nuisance and was condemned by resolution of the Mobile City Council, pursuant to Act No. 140, Acts of Alabama 1971. A letter was subsequently sent to the Browns on June 10, 1986, informing them of the City Council’s finding and including a copy of the resolution. The Browns failed to appeal the Council’s decision within the 30 days provided in Act No. 140, and made no contact with anyone from the City regarding the house.
On September 14, 1987, demolition of the house began, pursuant to the resolution. The Browns filed two claim letters with the City of Mobile following the commencement of demolition, both of which were denied. Then, on May 24, 1989, the Browns filed suit in the Mobile Circuit Court, alleging trespass, conversion, negligence, wantonness, and intentional infliction of emotional distress. Following discovery, the City of Mobile moved for a summary judgment, arguing: (1) that the Browns’ suit was barred by their failure to appeal within the 30 days allowed by Act No. 140 from the City Council’s determination that their property was a public nuisance; (2) that the complaint was barred by the doctrines of res judicata and collateral estoppel; (3) that the trial court lacked jurisdiction over the case because of the Browns’ failure to appeal within the 30 days allowed in Act No. 140; and (4) that *1253 there was no genuine issue of material fact. This motion was granted by the trial court on April 20, 1990.
The Browns now appeal from the summary judgment entered in favor of the City of Mobile, and they ask this Court to reverse and to remand the case for a jury trial on their claims against the City.
The sole issue the Browns raise is whether the trial court erred in entering the summary judgment in favor of the City of Mobile and in interpreting Act No. 140, Acts of Alabama, 1971 1st Special Session, as superseding Ala.Code 1975, §§ 11-47-23,11-47-190, and 11-47-192. The Browns argue that, as the wording in Act No. 140 states, a party “may” appeal, but they argue that that language does not require a party to appeal and that they therefore may file this collateral lawsuit pursuant to the above-cited Code sections. They assert that Act No. 140 and Ala.Code 1975, §§ 11-47-23, 11-47-190, and 11-47-192, must be read harmoniously. As it is relevant to this case, Act No. 140, § 3, provides in part:
“Any person aggrieved by the decision of the governing body at such hearing may, within thirty days thereafter, appeal to the Circuit Court upon filing with the clerk of said court notice of said appeal and bond for security of costs in the form and amount to be approved by the Circuit Clerk.”
The City of Mobile argues that regardless of the use of “may” in the Act, because the Act allows an appeal and provides that it be'taken in a specific manner, the Browns are required to utilize this method only and may not maintain a separate suit against the City. We disagree with the City’s argument that the language of Act No. 140 bars a collateral suit against the City.
The language in Act No. 140 provides a means for a party aggrieved by the governing body’s finding that some property constitutes a public nuisance and should be demolished, to appeal that finding to the circuit court. While the method of appeal is limited to what the Act specifies, the appeal itself is in no way mandatory or forced upon the parties. However, if the parties choose not to appeal, and they are permitted to so choose, they are precluded from questioning the council’s decision at a later time in a separate suit. Act No. 140 does not, however, limit an individual’s right to maintain a collateral lawsuit against the City under any statute that authorizes such a suit, provided that it does not challenge the City’s finding that the property was a public nuisance and should be demolished. That challenge is reserved for the appeal process specified by Act No. 140.
Thus, while a collateral suit alleging a cause of action that is unrelated to the city council’s finding that some property was a public nuisance and should be demolished may be maintained, in this case the Browns’ suit still fails. In their complaint, the Browns first allege that the City of Mobile trespassed on their land and that it converted and wantonly demolished their house. These allegations are tantamount to a challenge of the city council’s finding that the house should be demolished. As stated above, such a challenge is reserved for consideration in the appeal process set out in Act No. 140. Therefore, because the Browns did not avail themselves of the method of appeal set out in Act No. 140, any subsequent consideration of this issue is barred.
Furthermore, the Browns’ bare allegations of negligence and intentional infliction of emotional distress do not raise any genuine issue of material fact. The Browns have not alleged how the City, in demolishing their house, in some way caused them to suffer severe emotional distress, or how the City was negligent in the demolition.
For the reasons set out in this opinion, the trial judge correctly entered the summary judgment in favor of the City of Mobile and, therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.